UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDGARDO D. A.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

6:25-CV-06136 CDH

## INTRODUCTION

Plaintiff Edgardo D. A. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 5; Dkt. 7; Dkt. 8). For the reasons that follow, the Court grants Plaintiff's motion to the extent that the matter is remanded for further administrative proceedings and denies the Commissioner's motion.

## BACKGROUND

On March 19, 2023, Plaintiff protectively filed an application for DIB. (Dkt. 3 at 26, 76).[1] His application was initially denied on July 13, 2023, and upon

[1] In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

reconsideration on October 12, 2023. (*Id.* at 26, 130-35, 137-41). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 142-43), which was held on April 30, 2024 (*id.* at 46-69). On May 10, 2024, the ALJ issued an unfavorable decision. (*Id.* at 20-45). Plaintiff sought review from the Appeals Council, which denied his request on January 30, 2025. (*Id.* at 5-12). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 404.1520(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* § 404.1520(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* § 404.1509, the ALJ must

determine the claimant's residual functional capacity ("RFC"), *id.* § 404.1520(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 404.1545.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 404.1520(a)(4)(v).

## II. <u>Review by the Court</u>

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (quotation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to

support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I. The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2027. (Dkt. 3 at 28).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful employment since April 11, 2022, the alleged onset date. (*Id.*). The ALJ found at step two that Plaintiff had the severe impairments of obesity, right shoulder labral tear, and right biceps tendon rupture. (*Id.*). The ALJ also concluded that Plaintiff had the non-severe impairments of hypertension, hyperlipidemia, left shoulder impingement, depressive disorder, and adjustment disorder. (*Id.* at 29).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.* at 31). The ALJ particularly considered the criteria of Listing 1.18. (*Id.*).

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform light work as defined in 20 C.F.R. § 404.1567(b), with the additional limitations that:

> [Plaintiff] is capable of using the dominant right upper extremity for non-weight-bearing support only when lifting and carrying objects; he is incapable of climbing ladders, ropes, and scaffolds and is incapable of crawling; he is incapable of reaching above shoulder level with the dominant right upper extremity but is capable of occasionally reaching in all other directions with the dominant right upper extremity; he is capable of occasionally pushing and/or pulling with the dominant right upper extremity; he is capable of frequently handling, fingering, feeling, and grasping with the dominant right hand; and he is able to perform work that does not require driving as a part of work duties or require more than occasional work-related exposure to hazards, such as unprotected heights and unguarded moving machinery.

(*Id.* at 32). The ALJ then proceeded to step four and found that Plaintiff was unable to perform any past relevant work. (*Id.* at 37).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 39). The ALJ ultimately concluded that Plaintiff was not disabled, as defined in the Act, from April 11, 2022, through the date of the ALJ's decision. (*Id.* at 40).

## II. Remand for Further Administrative Proceedings is Required

Plaintiff argues that remand is appropriate because the ALJ failed to evaluate the medical opinion evidence in accordance with the Commissioner's regulations and his RFC finding was not supported by substantial evidence. (Dkt. 5-1 at 1). Plaintiff further argues that the ALJ "failed to incorporate any mental limitations into the RFC, without explanation, and despite himself finding that Plaintiff had mental

limitations." (*Id.*). For the reasons that follow, the Court agrees that the ALJ failed to appropriately support his RFC finding with substantial evidence and that this error requires remand. The Court accordingly need not and does not reach Plaintiff's other arguments.

In adjudicating a disability application, an ALJ must consider and weigh the evidence of record, including medical opinions. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also* 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). "[T]he ALJ must determine whether to credit or reject a particular medical opinion by evaluating two main factors: (1) 'supportability,' i.e., how well the objective medical evidence and explanations given support the medical source's conclusions; and (2) 'consistency,' i.e., how consistent the opinion is with the rest of the record." *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 73 (2d Cir. 2025).

"An ALJ's decision must be supported by substantial evidence – but there is no blanket requirement that such a decision must be supported by a congruous medical opinion for it to meet that evidentiary standard." *Rubin v. O'Malley*, 116 F.4th 145, 155 (2d Cir. 2024) (explaining further that there is no requirement "that an ALJ's ultimate determination of disability or assessment of RFC must comport with a specific medical opinion"). The relevant question is whether the ALJ has identified substantial evidence for his conclusions, in a manner that is reviewable by the Court. *See Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) (explaining that an ALJ must support his conclusions with substantial evidence in a

way that "build[s] an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review") (original alteration omitted and quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

In this case, the ALJ weighed the opinions of five medical professionals, and found three of them "minimally persuasive" and two of them "somewhat persuasive." (Dkt. 3 at 35-37). Of particular significance to the Court's analysis, the ALJ rejected all the medical opinions of record with respect to Plaintiff's ability to use his right arm. (*Id.*). The ALJ instead concluded that "[t]he record is consistent with finding [Plaintiff] capable of . . . using his right upper extremity for non-weight bearing support." (Dkt. 3 at 35 (also stating that "[t]he record is more consistent with finding [Plaintiff] is limited to using his right upper extremity for non-weight bearing support only when lifting and carrying objects at the light exertional level").

The ALJ offered no meaningful explanation for how he reached this particular conclusion. *See Anthony T. v. Comm'r of Soc. Sec*., No. 1:20-CV-815-DB, 2021 WL 3884229, at *4 (W.D.N.Y. Aug. 31, 2021) (explaining that "[a] very specific RFC assessment . . . must be based on evidence in the record, not on the ALJ's own surmise") (quotation omitted). Purportedly in support of his conclusion, the ALJ cited to nine entire record exhibits, amounting to hundreds of pages of medical records, without identifying any specific portions thereof. (Dkt. 3 at 35, 36). This makes it infeasible for the Court to understand his reasoning, to conclude that he comported with the applicable regulations, or to find that his determination is supported by substantial evidence. *See Ameer B. v. Acting Comm'r of Soc. Sec.*, No. 1:21-CV-01296 (JJM), 2023 WL 5198793, at *3 (W.D.N.Y. Aug. 14, 2023) ("ALJ Rodgers did not

incorporate any page citations into his analysis of plaintiff's RFC. Instead, he cited entire exhibits at the conclusion of many paragraphs, or failed to make any citation at all. . . . This makes it difficult to determine what evidence he considered, especially in his discussions of the supportability and consistency of the opinion evidence with other evidence in the record. The use of an exhibit citation, without more, is insufficient to ensure that the ALJ considered all of the evidence contained in an exhibit.").

An ALJ's RFC finding is not required to be based on a particular medical opinion. But "[t]here must be some identifiable rationale for the conclusion." *Anthony T.*, 2021 WL 3884229, at *4. Cursory statements that do not meaningfully tether the limitations found by the ALJ to the evidence of record fail to meet this standard. That is precisely what the ALJ offered here, and so remand for further administrative proceedings is required. *See id.*

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 7) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 5) is granted to the extent that the matter is remanded for further administrative proceedings. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Colleen D. Holland
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: September 30, 2026
Rochester, New York